Dear Chairman Rothbaum,
The Attorney General has received your request for an official opinion asking, in effect:
 Does meeting the procedural requirements of the State Consultation Act, 61 O.S. 60 et seq. (1984), fulfill public notice and compliance with competitive bidding procedures required by the Oklahoma Code of Ethics, 74 O.S. 841.5(1) (1984)?
The Oklahoma Code of Ethics for State Officials and Employees (hereinafter "the Code"), 74 O.S. 841.5 (1984), states in part:
"No state agency shall:
 "1. Enter into any contract with an employee of the agency, or with a business in which an employee holds a substantial financial interest, unless the contract is made after public notice by the agency and compliance with competitive bidding procedures." (Emphasis added).
74 O.S. 841.5(1) allows a state agency and a business in which a state agency employee holds a substantial financial interest to enter into a contract only if the contract is made:
1. after public notice by the agency, and
2. compliance with competitive bidding procedures.
Only if both of these requirements are met may the contract be entered into.
The State Consultation Act, 61 O.S. 60 et seq. (1984), has no provision which would give the general public notice as required by the Code but only includes requirements for notice to possible consultants. These procedural requirements in the State Consultation Act do not fulfill the public notice and compliance with competitive bidding procedures required by the Code. The procedure in the Public Competitive Bidding Act, however, does fulfill the requirements.
The Public Competitive Bidding Act, 61 O.S. 101 et seq. (1981), provides for public notice in 61 O.S. 104 which states:
 "All proposals to award public construction contracts shall be made equally and uniformly known by the awarding public agency to all prospective bidders and the public in the following manner:
 "1. Notice thereof shall be mailed . . . to all known prospective bidders. . . . and
 "2. Notice thereof shall be given by publication in a newspaper of general circulation and published in the county where the work, or the major part of it, is to be done, such notice by publication to be published in two consecutive weekly issues of said newspaper, with the first publication thereof to be at least twenty (20) days prior to the date set for opening bids; and
 "3. Notice thereof shall be sent to trade or construction publications for their use and information whenever the estimated cost of the contract exceeds Fifty Thousand Dollars ($50,000.00). . . ."
Therefore, while the procedural requirements of the State Consultation Act do not fulfill the public notice requirements in the Code, the notice requirements in the Public Competitive Bidding Act do.
Also, compliance with the competitive bidding procedures in the Public Competitive Bidding Act would fulfill the competitive bidding procedures required by the Code. The Bidding Act, with specificity and clarity, sets out the procedure required for competitive bidding on a public construction contract in 61 O.S. 103 et seq.
Finally, it is also important to note the policy behind the Code of Ethics. The Code was enacted by the Oklahoma Legislature in 1968 with the stated policy being:
 "It is hereby declared to be the policy of the State of Oklahoma that no . . . employee . . . shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code . . . is adopted." (Emphasis added).
It is clear from that language that the Legislature recognized the great potential for abuse by an employee with conflicting interests and enacted the Code to protect the public interest from such abuse.
It is, therefore, the official opinion of the Attorney Generalthat meeting the procedural requirements of the State ConsultationAct, 61 O.S. 60 et seq. (1984), does not fulfill public notice andensure compliance with competitive bidding procedures required bythe Oklahoma Code of Ethics, 74 O.S. 841.5(1) (1984).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
P. KAY FLOYD, ASSISTANT ATTORNEY GENERAL